# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WALTER SHELTON,**

         **Plaintiff,**

v.                                                                                                     **Case No. 6:18-cv-1123-Orl-41GJK**

**ORANGE COUNTY DEPARTMENT OF**
**CHILDREN AND FAMILIES, DEPARTMENT**
**OF REVENUE STATE OF FLORIDA, and**
**PATRICIA CARSON,**

         **Defendants.**
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*** (Doc. No. 2) |
| **FILED:** | **July 13, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be DISMISSED**.

On July 13, 2018, *pro se* Plaintiff Walter Shelton filed a Complaint alleging various grievances related to the custody of his child against three defendants. (Doc. No. 1.) Plaintiff filed his "Application to Proceed in District Court without Prepaying Fees or Costs" ("the Motion") on the same day. (Doc. No. 2.) On July 30, 2018, Plaintiff filed a Notice of Pendency

of Other Actions identifying two related cases: one in the Ninth Judicial Circuit of Orange County, Florida and one in the Superior Court of Brooks County Georgia. (Doc. No. 5.)

### I.    APPLICABLE LAW

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[1] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
>   (i)  is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### A. Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[2] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### B. Frivolous and Malicious Actions Under 28 U.S.C. § 1915(e)(2)(B)(I)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

---

[2] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *Id.* at 327. A complaint is also frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28).

## II.  ANALYSIS

In his Complaint, Plaintiff claims that Defendants deprived him of access to his child and presented fraudulent information to the courts of Orange County.  Doc. No. 1 at 4.  Plaintiff claims that Defendant Carson and a Department of Children and Families ("DCF") agent suggested that Plaintiff sign over his rights to his child which Plaintiff did.  Doc. No. 1 at 4.  The Complaint references proceedings before the Department of Revenue ("DOR") and the Orange County courts.  Doc. No. 1 at 4.  Plaintiff claims violations of the "14th Amendment, due process & equal protection, Public Law 96-272, and Article IV, Section 1." Doc. No. 1 at 3. Plaintiff seeks reimbursement of child support he has paid, $125,000 in punitive damages, and "records concerning the child while in Orange County Dept. of Children & Families."  Doc. No. 1 at 5.

The Complaint is barred by the *Rooker-Feldman* abstention doctrine.  *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923). "The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Bey v. Ninth Judicial Circuit*, No. 6:11-cv-510-18DAB, 2011 WL 1791284, at *2. Plaintiff ultimately seeks review of orders entered requiring him to pay child support and records related to his child's placement with DCF although he acknowledges he

waived his parental rights at some point. Regardless of the nature of the claims Plaintiff has brought or may bring, because Plaintiff is challenging the orders and judgments of state court dependency proceedings and administrative proceedings before the DOR, this Court lacks jurisdiction over the claims.

As the Court lacks jurisdiction over this case, it is recommended that the Motion be denied and the Complaint be dismissed with prejudice.

### III. CONCLUSION

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 2);

2. **DISMISS** the case; and

3. Direct the Clerk to close the case.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on September 5, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party